{¶ 60} In finding of fact No. 32, the Magistrate stated, "[t]he best interest of the child will determine whether visitation should continue with the Kinseys or be terminated . . ." The trial court, in ruling on Objections to the Decision of the Magistrate stated "[t]he Court finds that the Magistrate correctly relied upon the "best interest of the child" standard as listed in R.C. Sec. 3109.051."
 {¶ 61} This decision of the trial court appears to be contrary to the law set forth in Troxel v. Granville (2000), 530 U.S. 57. In the case sub judice, the majority opinion acknowledges what must be done by a trial court, pursuant to Troxel, in order to have a constitutional application of a visitation statute. There must be a presumption that a fit parent acts in the best interests of his/her child and special weight must be given to the opinions of the parent.
 {¶ 62} In the case sub judice, the Magistrate did not find that appellee was an unfit parent and found that appellee did not want visitation to continue. The majority, in its decision, quotes the appellee's testimony. The appellee does not want to terminate visits completely but clearly indicated those visits should be limited to holidays if the child wanted to go visit.
 {¶ 63} From a reading of the Magistrate's Decision, it appears that the appellee, a fit parent, does not want visits to continue between his daughter and her maternal grandparents. Under Troxel, this decision should be presumed to be in the child's best interest and should be given special weight. But it was not. The Magistrate's belief that a child should have healthy contact with extended family trumps the appellee's decision.[1] In a case of dueling decisions as to best interest of a child, the parent's decision, under Troxel should prevail.
 {¶ 64} I would, therefore, reverse and remand this matter for proper application of the statute pursuant to the guidance set forth inTroxel.
[1] The magistrate finds many examples of behavior by the maternal grandparents which set an extremely negative example. Therefore, healthy contact has not been consistent.
If this had been a case where there had been consistent "healthy" contact between grandparents and child, and the parent seemed to have no good reason to oppose court ordered visitation, my decision would be different. But in this case, there had not been consistent "healthy" contact between the grandparents and the child, and the parent had good reasons for opposing the court ordered visitation.